IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

REVERSE MORTGAGE SOLUTIONS, INC.,

Plaintiff,

v.

ILIA AGLAEE VELASCO SURO

Defendant.

CIV. NO.: 16-3172 (SCC)

**OPINION AND ORDER**

This is an action for collection of monies and foreclosure of mortgage. Plaintiff Reverse Mortgage Solutions, Inc. ("RMS") moved for summary judgment alleging that there are no controversies of material fact regarding the loan documents signed by Defendant and the amounts owed to RMS. *See* Docket No. 41. The motion stands unopposed.

Having reviewed Plaintiff's pleadings and supporting documentation, we find that summary judgment against

Defendant is proper.

## I. Background

RMS sued Defendant to collect certain amounts owed pursuant to a Mortgage Note payable to The Money House, Inc., or to its order, for the principal amount of ($397,500.00). *See* Docket No. 42-1. The Mortgage Note encumbers a property located in Guaynabo, Puerto Rico.

## II. Standard

Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (explaining that if a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial," summary judgment is proper). The court

must examine the record in the light most favorable to the nonmovant and indulging all reasonable inferences in the nonmovant's favor. *Maldonado-Denis v. Castillo-Rodríguez*, 23 F.3d 576, 581 (1st Cir. 1994).

In its review of the record, the court must refrain from engaging in an assessment of credibility or weigh the evidence presented. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.,* at 150 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–251 (1986)).

Finally, as this is a diversity case, the court is bound to apply Puerto Rico law to all substantive matters. *Vázquez-Filipetti v. Banco Popular*, 504 F.3d 43, 48 (1st Cir. 2007).

**III. Factual Findings**

In accordance with Local Rule 56, the court credits only facts properly supported by accurate record citations. *See*

Local Rule 56(e). The court has disregarded all conclusory allegations, speculation, and improbable inferences disguised as facts. *See Forestier Fradera v. Municipality of Mayaguez*, 440 F.3d 17, 21 (1st Cir. 2006); *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). The following factual findings are taken from RMS' Statement of Uncontested Material Facts ("SUMF") and supporting documentation.

1. RMS is a corporation, with its principal place of business in Houston, Texas.

2. Defendant is domiciled in Puerto Rico with the following residential and mailing address: Parkville Development J-7 Harding Street, Guaynabo, Puerto Rico 00969-3947.

3. On September 15, 2010, for value received, Defendant subscribed, signed and delivered a Mortgage Note payable to The Money House, Inc., for the principal amount of ($397,500.00) with interest at the rate of 5.560 % per annum (the "Note"). *See* Note at Docket No. 42-1.

4. As guarantee of the aforementioned Note, Defendant executed and delivered a Mortgage constituted by deed number 1,075, executed in Guaynabo, Puerto Rico on the same date, before Notary Public Dinorah Collazo-Ortíz. *See* Mortgage at Docket No. 42-2.

5. The Mortgage was executed upon the following property, which is described in Spanish as follows:

> URBANA: SOLAR RADICADO EN LA URBANIZACIÓN PARKVILLE SITUADA EN EL BARRIO FRAILES DE GUAYNABO, PUERTO RICO,
> QUE SE DESCRIBE EN EL PLANO DE INSCRIPCIÓN DE LA URBANIZACIÓN, CON EL NUMERO, ÁREA Y COLINDANCIAS QUE SE RELACIONAN A CONTINUACIÓN: NUMERO DEL SOLAR SIETE (7)
> DE LA MANZANA J; ÁREA DEL SOLAR DE SEISCIENTOS TREINTA Y OCHO PUNTO CUARENTA Y SEIS (638.46) METROS CUADRADOS. EN LINDES, POR EL NORTE, EN LA CALLE NUMERO DOS (2), DISTANCIA DE VEINTIDÓS METROS CON TREINTA Y DOS CENTÍMETROS; POR SUR, CON EL SOLAR NUMERO VEINTINUEVE (29), DISTANCIA DE DIECINUEVE (19) METROS, CON OCHENTA Y
> SEIS (86) CENTÍMETROS; POR EL ESTE, CON UN SENDERO, DISTANCIA DE TREINTA (30) METROS

CON VEINTICINCO CENTÍMETROS; Y POR EL OESTE, CON EL SOLAR NUMERO SEIS (6), DISTANCIA DE TREINTA (30) METROS CON TRES (3) CENTÍMETROS. ENCLAVA UNA CASA.

7. The Mortgage that secures the above-referenced note is duly recorded in the Registry of Property of Guaynabo, at page 157 of volume 1,446. The property is identified with number 12,096.

8. The Defendant is the owner of the mortgaged property according to the Registry of Property. *Id.*

9. RMS is the party entitled to enforce the note. *See* Docket No. 42.

10. On February 15, 2017, Defendant filed an answer to the complaint. Defendant did not dispute the existence of the loan documents or the debt. *See* Docket No. 8.

**IV. Analysis**

Given the uncontested facts listed above, it is evident that no dispute of material fact exists as to Defendant's indebtedness. The parties entered into a binding loan

contract, pursuant to Article 1631 of the Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 4511. Plaintiff has attached all the necessary documentation to establish that it is the secured party of record for the Note guaranteeing the Mortgage. Plaintiff has also established that Defendant failed to make payment as agreed upon in the loan documents. Plaintiff also duly notified Defendant of her indebtedness.

As of September 7, 2018, Defendant owes RMS a total of $226,704.36 in principal, plus accrued interest which continues to accrue until full payment of the debt at the rate of 5.560% per annum; accrued late charges and any other advance, charge, fee or disbursement made by Plaintiff on behalf of Defendant, and $39,750.00 in attorneys' fees.

In view of the record before us, Plaintiff is entitled to receive from Defendant the payment of the amounts owed and is entitled to foreclose on the property encumbered by the Mortgage Deed constituted through Deed Number 170 of September 15, 2010. In the absence of full payment, Plaintiff

has the right to execute all the collateral that secures Defendant's outstanding debt.

## V. Conclusion

Because I find that Plaintiff has successfully established that Defendant is in default of her loan obligations, I grant summary judgment in favor of Plaintiff and order as follows:

1. Defendant must pay Plaintiff the sum of $ 226,704.36 in principal, plus accrued interest at the rate of 5.560% per annum, accrued late charges and any other advance, charge, fee or disbursements made by Plaintiff, on behalf of Defendant, in accordance with the mortgage deed, plus costs, and $39,750.00 in attorney fees.

2. In default of the payment of the sums hereinbefore specified or of any part thereof, within thirty (30) days from the date of entry of this judgment, the mortgaged property described above, shall be sold at public auction to the highest bidder therefor.

3. Upon Plaintiff's compliance with Fed. R. Civ. P. 53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the said sale, or do anything in connection with it, until

further order by this Court and under the form and conditions to be directed by the Court.

4. The sale to be conducted by the appointed Special Master shall be subject to the confirmation of the Court, and the purchaser of the property shall be entitled to receive its possession. The minimum bid to be accepted at the first public sale will be in accordance with the mortgage deed.

5. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

a) To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

b) To the payment of all expenses or advances made by Plaintiff.

c) To the payment to Plaintiff of the amount of $226,704.36 in principal as of September 18, 2018, accrued interest which continues to accrue until full payment of the debt at the rate of 5.560% per annum, accrued late charges and any other advance, charge, fee or disbursements made by Plaintiff, on behalf of defendant, in accordance with the mortgage deed, plus costs, and $39,750.00 in attorney fees.

d) If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

e) If after making all those payments there is a deficiency, Plaintiff may seek further orders by the Court to collect the deficiency from Defendant.

IT IS SO ORDERED AND ADJUDGED.

In San Juan, Puerto Rico, this 24th day of January, 2020.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE